COLE, Appellant, vs. CITY OF WATERTOWN, Respondent.

*September 8—September 29, 1903.*

*Testamentary trustees: Appointment to fill vacancies: Discretion: Intention of testator.*

1. In the appointment of trustees under sec. 4027, Stats. 1898, the discretion of the county court is not an arbitrary one, but is to be exercised in such a way as to secure, not merely competent men of integrity, but men who will co-operate harmoniously in the execution of the trust; and effect should be given to the intention of the testator in respect to the persons to be selected, where such intention is expressly declared or is fairly deducible from the language of the will.

2. Thus, where the will provided that in case any of the trustees therein named should die or refuse to accept the trust the county court should be requested to fill the vacancy by appointment, "subject to the approval of the parties interested in" the estate, the court was not justified in appointing a person against the objection and protest of a son of the testator who was one of the executors and trustees named in the will.

3. The intention of the testator should have been regarded in such case, whether the vacancy to be filled was caused by the death or refusal of one of the trustees originally named, or by the death or resignation of a later appointee.

APPEAL from a judgment of the circuit court for Jefferson county: JAMES J. DICK, Judge. *Reversed.*

It appears from the record and the findings of the court that John W. Cole died February 17, 1894, leaving a last will and testament, which was admitted to probate April 4, 1894, wherein, among other things, he devised to his executors and trustees, therein named, certain real and personal property in trust, with directions as to the management thereof, and to pay the net balance of rents and interest to his wife, Eliza C. Cole, and his son, *Oscar A. Cole,* as therein directed, and after their deaths to transfer and convey the same to the city of *Watertown,* in trust for the purposes and on the conditions therein set forth. The will contains this clause:

"Should the persons hereinafter nominated and appointed as executors and trustees, or any of them, die, or refuse to accept the trust, the vacancy thus caused shall be filled by appointment by the county court or the judge thereof for Jefferson county, who is hereby authorized and requested to make the same *subject to the approval* of the parties interested in my estate."

The will also contains the following clause:

"I do hereby appoint my son, *Oscar A. Cole,* C. B. Skinner, and Christian May, all of the city of *Watertown,* executors and trustees of this my last will and testament, with full confidence that they will faithfully and prudently execute the trust hereby reposed in them."

Skinner died prior to the death of the testator. April 20, 1894, Christian May refused to accept the trust, and on the same day D. H. Beurhaus and William Humphrey were appointed by the county court as such trustees, in place of Skinner and May, and they, with *Oscar A. Cole* so appointed, duly qualified as such trustees. July 25, 1900, Humphrey died, and September 11, 1900, Edward F. Wieman was appointed in his place, and he duly qualified. September 28, 1901, D. H. Beurhaus and Edward F. Wieman each filed his resignation in writing, and thereupon the county court made an order fixing November 5, 1901, as the time for making the appointment of two trustees in their places, respectively, and gave notice thereof accordingly. October 28, 1901, the city nominated William D. Sproesser and Charles R. Blumenfeld to be appointed as such trustees; and November 5, 1901, *Oscar A. Cole* appeared by his attorney, and nominated John Habhegger and William C. Raue to be appointed as such trustees in place of Beurhaus and Wieman, who had so resigned, and *Oscar A. Cole* then and there expressly objected to the appointment of Charles R. Blumenfeld as such trustee. The county court took the matter under advisement, and on November 16, 1901, entered an order accepting such resignations, and appointing John Habhegger and Charles R. Blumenfeld as such trustees upon filing a bond of $10,000, to be approved by the county court, and they within ten days thereafter gave the bond and qualified pursuant to the order.

It was further found by the circuit court that *Oscar A. Cole* and the city never consulted nor attempted to consult with each other in regard to the appointment of persons to fill such vacancies; that when the matter of such resignations came up to be heard in the county court an attorney appeared for and in behalf of *Oscar A. Cole,* and no one appeared in behalf of the city; that at the time of the appointment of Blumenfeld he was and still is a fit and proper person to be appointed as one of such trustees; that his character for in-

tegrity and business capacity was above reproach, and that he was in all respects fully qualified to act as such; that there was no ill-feeling on the part of Blumenfeld against *Oscar A. Cole,* and that there was no ground for ill-feeling on the part of *Oscar A. Cole* against Blumenfeld; that Blumenfeld had done nothing to indicate that he would not act in harmony with the other two trustees, and that there was no ground for believing that he would not.

As conclusions of law, the circuit court found that the order of the county court appointing Charles R. Blumenfeld as one of the trustees of said estate was regularly and correctly made in the exercise of the discretionary power of the county court, and that there was no abuse of such discretion in making the order from which *Oscar A. Cole* had appealed to the circuit court, and that Blumenfeld was lawfully appointed such trustee, and had duly qualified as such, and was entitled to be heard in a direct proceeding before he could be lawfully removed, and ordered judgment affirming the order of the county court. From the judgment entered accordingly, *Oscar A. Cole* appeals.

For the appellant there was a brief by *Olin & Butler,* and oral argument by *J. M. Olin.* They contended, *inter alia,* that courts of equity will remove trustees on the ground that there is hostility between them and co-trustees, or between them and the *cestui que trust.* 2 Story, Eq. Jur. sec. 1288; *Disbrow v. Disbrow,* 61 N. Y. Supp. 614; *May v. May,* 167 U. S. 310; *Quackenboss v. Southwick,* 41 N. Y. 117; *Scott v. Rand,* 118 Mass. 215; *Wilson v. Wilson,* 145 Mass. 490; *Estate of Syfert,* 9 Phila. 320; *In re Hilles,* 9 Weekly Notes Cas. 421. Much more will courts of equity decline in the first instance to appoint such a person as a trustee. *In re Tempest,* L. R. 1 Ch. App. 485. The appointment of Blumenfeld as trustee was not a case for the exercise of judicial discretion, but a case calling for the exercise of legal judg-

ment. *In re Tempest,* L. R. 1 Ch. App. 490; sec. 4027, Stats. 1898; *Appeal of Wilcox,* 54 Conn. 320, 8 Atl. 136. It was the duty of the county court in this case to appoint, if possible, two persons as trustees who were approved by the parties interested in the Cole estate. The testator's intention in this matter should have been respected by the court. *Mulberger v. Beurhaus,* 102 Wis. 1, 10; 1 Perry, Trusts, § 277.

For the respondent there were briefs by *Harlow Pease* and *Arthur Mulberger,* and oral argument by *Mr. Pease.*

CASSODAY, C. J. ` At the time of entering the order fixing a time for the determination of the matter of the resignations of Beurhaus and Wieman and the appointment of their successors, the county judge very properly notified the city and *Oscar A. Cole* in writing of the provision of the will requiring the appointment of two trustees to fill such vacancies, "subject to the approval of the interested parties," and that they were such interested parties, and therein suggested to each of them that they should "agree upon two reliable men to act as trustees" in case such resignations should be accepted, and to propose to the court for such appointment the names of the two persons so agreed upon. No such agreement was ever made, or attempted to be made, and the court finds that the two interested parties never consulted nor attempted to consult in regard to such appointment. Instead of doing so, each party, without consulting the other, proposed the names of two persons, regardless of the likes or dislikes of the other party. The county court appointed one of the two persons so proposed by each party. Habhegger, one of the persons so proposed by *Oscar A. Cole,* was appointed without any objection. The propriety of his appointment, therefore, is not before us for consideration. On the other hand, *Oscar A. Cole,* at the time of the hearing, expressly ob-

jected to the appointment of Blumenfeld, who had thus been proposed by the city. The question for determination is whether the county court was justified in appointing Blumenfeld against such objection and protest.

There is no claim that Blumenfeld is not a man of integrity and character and business capacity, and in all respects qualified to perform the duties of such trustee, but for certain reasons he is said to be objectionable to *Oscar A. Cole.* The court finds that Blumenfeld has no ill-feeling against *Cole,* and that *Cole* has "no ground for ill-feeling" against Blumenfeld. But that is not decisive of the question. Both courts seem to have acted upon the theory that, if each of the parties had the naming of one of the two persons so appointed, then neither could rightfully object to the person named by the other party, provided he was as well qualified as Blumenfeld was found to be. But such is not the purpose of the law. That purpose is not only to secure competent men of integrity, but also those who will co-operate in a friendly and harmonious manner in the transaction of business which may continue for several years. It is not to secure vigilant representatives of the respective parties interested, but those who will work together for the benefit, not merely of one of such parties, but for the whole estate. This is abundantly shown by authorities cited in the brief of counsel for the appellant. In one of them it was held in England many years ago that:

"The discretion which the court exercises in appointing new trustees is not a mere arbitrary discretion, but is to be exercised in accordance with certain principles. Among them are the following: . . . Secondly. The court will not appoint a person with a view to the interest of some of the *cestuis que trustent* in opposition to the interest of others. Thirdly. The court will have regard to the question whether the appointment will promote or impede the execution of the trust." *In re Tempest,* L. R. 1 Ch. App. Cas. 485, decided in 1866.

In that case it was said by Lord Justice TURNER in behalf of the court:

"I think so for this reason: That it is of the essence of the duty of every trustee to hold an even hand between the parties interested under the trust. Every trustee is in duty bound to look to the interests of all, and not of any particular member or class of members of his *cestuis que trustent.*" Id. 488.

In speaking of that decision it was said in a later case by that learned Master of the Rolls, Sir George JESSEL:

"I find also that although as a rule the court of chancery exercises its discretion in the appointment of new trustees— a discretion, I may say, as regards which I respectfully wish to express my cordial assent to what fell from Lord Justice TURNER in the case of *In re Tempest*—yet it is not an arbitrary discretion, but to be applied according to settled rules." *Forster v. Abraham,* L. R. 17 Eq. Cas. 351, 355–6.

The testator seems to have had in mind the harmonious cooperation of the executors and trustees; and so the will provides, in effect, that, in case any of the persons therein nominated and appointed as executors and trustees should die or refuse to accept the trust, then the county court was thereby authorized and requested to fill the vacancy by appointment, "subject to the approval of the parties interested in" the estate. In the case of *In re Tempest,* cited above, one of the trustees died during the life of the testator. By the terms of the will the right to appoint a new trustee was vested in the persons entitled to the surplus rents and profits. They could not agree in the choice of a trustee. On petition the Master of the Rolls appointed one Mr. Petre against the objection of one of the beneficiaries, not from any personal objection, but because he was connected with and proposed by a branch of the family with which the testator was not on friendly terms, and which he had excluded from the management of his property. On appeal the court reversed and set aside such appointment of Petre, and held, in addition to what has been stated, that "in selecting a person for the office (of trustee)

the court will have regard to the wishes of the author of the trust, expressed in, or plainly deduced from, the instrument creating it." L. R. 1 Ch. App. Cas. 484. The learned Lord Justice on that point said: "I think this rule may be safely laid down, because if the author of the trust has in terms declared that a particular person, *or a person filling a particular character,* should not be a trustee of the instrument, there cannot, as I apprehend, be the least doubt that the court would not appoint to the office a person whose appointment was so prohibited, and I do not think that upon a question of this description any distinction can be drawn between express declarations and *demonstrated intention.*" Id. 487.

True, as urged by counsel for the city, the language of the will authorizing and requesting the county court to appoint persons to fill vacancies, if strictly construed, would be limited to the filling of vacancies caused by the death or refusal to accept the trust by one or more of the persons nominated in the will. But, as indicated in the quotation last made, upon questions of this description there is no substantial distinction between the "demonstrated intention" of the testator and an "express declaration" of such intention. In either case the appointment to be made is to be "subject to the approval of the parties interested in" the estate. We are constrained to hold that effect should be given to such intention of the testator fairly deducible from the language of the will. Such ascertainable intention must be enforced. *In re Sharland, Kemp v. Rozey,* L. R. 1896, 1 Ch. 517; *Adams, v. Cowen,* 177 U. S. 475, 20 Sup. Ct. 668. Of course, neither of the parties can dictate such appointment, nor contumaciously refuse to agree upon the person to be appointed. The county court has a certain discretion to be exercised in accordance with the principles mentioned, but not arbitrarily and contrary to the expressed wish of the testator.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to reverse

that part of the order and judgment of the county court which appointed Charles R. Blumenfeld as one of such trustees, and to remand the case to the county court for further proceedings in accordance with this opinion.